UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ROBERT CHENAULT AND LANA CHENAULT,<br>    PLAINTIFFS<br><br>VS.<br><br>JAMES GORIS, M.D.,<br>DEACONESS HOSPITAL, INC., D/B/A<br>DEACONESS GATEWAY HOSPITAL,<br>ORTHOPAEDIC ASSOCIATES, INC., and<br>WILLIAM MICHAEL ROBERTS, M.D.<br>    DEFENDANTS | Case No. 3:12-cv-0144RLY-WGH |

**SECOND AMENDED COMPLAINT FOR DAMAGES**
**AND**
**DEMAND FOR TRIAL BY JURY**

Plaintiffs Robert Chenault and Lana Chenault, by counsel, for their second amended complaint for damages against the defendants James Goris, M.D., Deaconess Hospital, Inc., d/b/a Deaconess Gateway Hospital (hereinafter "Deaconess"), Orthopaedic Associates, Inc., and William Michael Roberts, M.D., allege and state that:

1. Robert Chenault and Lana Chenault are lawfully married.

2. Defendants James Goris, M.D., Deaconess, Orthopaedic Associates, Inc., and William Michael Roberts, M.D., are qualified health care providers under Indiana's Medical Malpractice Act.

3. Plaintiffs Robert and Lana Chenault are citizens of the State of Kentucky. James Goris, M.D., and William Michael Roberts, M.D., are citizens of the State of Indiana. Defendants Deaconess and Orthopaedic Associates, Inc., are incorporated in the State of Indiana with their respective principal place of business in the State of Indiana. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

4.	Pursuant to Indiana law, this claim was presented to a medical review panel which issued an opinion on or about July 3, 2012.  A copy of the opinion as it relates to these defendants is attached as **Exhibit 1**.  The panel found that the care provided by Dr. Goris and Orthopaedic Associates was substandard and a factor in Mr. Chenault's damages.

5.	Between March 3, 2008 and March 27, 2008, Robert Chenault ("Mr. Chenault") was under the care and treatment of James Goris, M.D. ("Dr. Goris"); Deaconess, by its agents and employees; Orthopaedic Associates, Inc., by its agents and employees; and James Michael Roberts, M.D. ("Dr. Roberts").

6.	The defendants' care and treatment of Mr. Chenault was substandard.

7.	Mr. Chenault's medical history included high blood pressure which was controlled with medication.  He had only one kidney because a kidney had been surgically removed when he was a child.

8.	Mr. Chenault, age 62, was admitted to Deaconess for a total knee replacement surgery performed on March 3, 2008 by Dr. Goris, with anesthesia services provided by Dr. Roberts.

9.	The spinal and general anesthetics that Dr. Roberts used for Mr. Chenault's procedure can lower the blood pressure.  Because Mr. Chenault was a chronic hypertensive, his intraoperative systolic blood pressure needed to be maintained at or above 110.  The blood pressures needed to be maintained for adequate perfusion to the organs such as kidneys.

10.	During the procedure Mr. Chenault's systolic dropped to the 80's which was unacceptably low and should not be tolerated for more than a few minutes.  Dr. Roberts allowed his systolic blood pressure to remain in the 80's for 30 minutes without doing reasonable interventions to correct the problem.

11. Post-operatively, in the recovery room, Mr. Chenault's systolic blood pressure remained below 100 for four hours or more without intervention. Dr. Roberts left no post-op call orders regarding hypotension to guide the nurses.

12. Mr. Chenault was transferred from the recovery room to his regular room on the evening of surgery. Thereafter, Dr. Goris and Dr. Roberts shared the responsibility to manage his hypotension. Neither Dr. Roberts nor Dr. Goris left call orders regarding the hypotension. That night Mr. Chenault's systolic blood pressures remained low in the 80's-90's. No nurse reported the problem to Dr. Roberts or Dr. Goris.

13. On the mornings of March 4 and March 5, 2008, despite Mr. Chenault's ongoing problem with low blood pressure, nurses did not question Dr. Goris' order and gave Mr. Chenault his routine medicine (Lisinopril HCTZ) to treat high blood pressure.

14. Nurses also failed to question the physicians about Mr. Chenault's low urine output.

15. Finally, on March 5, after Mr. Chenault's condition worsened, Dr. Goris consulted a hospitalist to manage his medical problems. However, by the time the hospitalist saw Mr. Chenault, he was in acute renal failure.

16. In addition to the renal failure which required him to have hemodialysis, Mr. Chenault developed respiratory failure, was transferred to I.C.U. and was placed on a ventilator.

17. Following his discharge from Deaconess on March 27, 2008, Mr. Chenault spent one week in a rehab facility and thereafter received home health care.

18. His kidney function was monitored with outpatient blood tests. Finally, by December 2009, Mr. Chenault's kidney function had stabilized to his baseline.

19. Dr. Goris' post-op management was substandard. He did not address this patient's medical problems, or alternatively consult specialists to do so in a timely manner. Dr. Goris' admitting orders included daily Lisinopril/HCTZ for high blood pressure and he did not discontinue the order when this patient had problems with low blood pressure.

20. Dr. Roberts' care was substandard because he did not appropriately follow and treat this patient's hypotension intra-operatively and post-operatively.

21. Deaconess Hospital, by its nurses, provided substandard care including its failure to timely notify physicians of Mr. Chenault's persisting low blood pressure; in administering hypertensive medicine to a patient with low blood pressure without questioning the order, and without timely notifying physicians regarding the patient's low urine output and low levels of oxygen saturation.

22. As a direct and proximate result of the substandard care by James Goris, M.D.; Deaconess, by its agents and employees; Orthopaedic Associates, Inc., by its agents and employees, and William Michael Roberts, M.D., Robert Chenault suffered damages including, but not limited to, injury and impairment; acute kidney failure; additional medical, hospital and other expenses; and emotional distress.

23. As a direct and proximate result of the substandard care by James Goris, M.D.; Deaconess, by its agents and employees; Orthopaedic Associates, Inc., by its agents and employees; and James Michael Roberts, M.D., Lana Chenault suffered damages including, but not limited to, incurring hospital, medical and other expenses on behalf of her husband Robert Chenault, emotional distress, and impairment of those rights and privileges known as consortium.

WHEREFORE, Plaintiffs Robert Chenault and Lana Chenault, by counsel, respectfully pray for damages against the defendants, jointly and severally, in an amount which will fully and fairly compensate them for their injuries and damages, for the costs of this action, trial by jury, and for all other just and proper relief.

        Respectfully submitted,

        GARAU GERMANO HANLEY & PENNINGTON, P.C.

        /s/ Deborah K. Pennington
        Deborah K. Pennington, #6559-36
        Jerry A. Garau, #10822-49
        151 N. Delaware Street, Suite 1515
        Indianapolis, IN 46204
        Phone:  (317) 822-9530; Fax:  (317) 822-9531

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May, 2013, the foregoing pleading was filed electronically with the United States District Court.  Notice of this filing will be sent to the following attorneys of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Lara K. Cutshall
Bunger & Robertson
lcutshall@lawbr.com

James Whitlatch
Bunger & Robertson
jwhit@lawbr.com

R. Thomas Bodkin
Bamberger Foreman Oswald & Hahn, LLP
tbodkin@bamberger.com

        /s/Deborah K. Pennington